LAW OFFICES OF BASTIAN & DINI
ROBERT L. BASTIAN, JR. [SBN 170121]
MARINA R. DINI [SBN 169176]
9025 Wilshire Blvd., Suite 500
Beverly Hills, CA  90211
Telephone: (310) 789-1955
Facsimile:   (310) 822-1989

Attorneys for plaintiffs
LLOYD JOSEPH COLLINS,
REPOSSESSION EMPIRE, INC.,
dba LEGION,

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD JOSEPH COLLINS, REPOSSESSION EMPIRE, INC.,  dba LEGION,<br><br>            Plaintiffs,<br><br>*vs.*<br><br>CITY OF INGLEWOOD, INGLEWOOD POLICE OFFICERS DOE LIPRISH and DOE ALVAREZ, in their individual capacities; STOCKBRIDGE CAPITAL PARTNERS, LLC; HOLLYWOOD PARK CASINO CO., INC.; HPCC HOLDINGS, LLC; STOCKBRIDGE REAL ESTATE PARTNERS II, LLC; STOCKBRIDGE HP CASINO HOLDINGS COMPANY, LLC; STOCKBRIDGE HP HOLDINGS COMPANY, LLC; and DOES 1 through 25,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  unlawful seizure under color of law [42 U.S.C. § 1983];<br>2.  supervisory liability [§ 1983];<br>3.  municipal liability [§ 1983];<br>4.  violation of the Bane Act [California Civil Code § 52.1];<br>5.  false arrest;<br>6.  negligence.<br><br>**REQUEST FOR JURY TRIAL** |

PLAINTIFFS LLOYD JOSEPH COLLINS and REPOSSESSION EMPIRE, INC., dba LEGION allege:

## INTRODUCTION

1.     This is a civil rights action brought under both federal and state law

**COMPLAINT FOR DAMAGES**

which arises from the interference of the City of Inglewood by and through its police officers and agents, and its coordination with the Hollywood Park Casino, its security officers and agents, with the lawful repossession activity by plaintiffs, an auto repossession company, and one of its representatives.

2. This district court has original jurisdiction of plaintiffs' claims brought under 42 U.S.C. §§ 1983 and 1988, under 28 U.S.C. § 1331. This district court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state claims plaintiffs raise herein because they are so related to the federal claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

**PARTIES**

3. Defendant CITY OF INGLEWOOD is a municipal entity for purposes of both federal and state law. Plaintiffs are informed and believe that defendant CITY OF INGLEWOOD failed to adequately train, supervise and discipline its own employees regarding, *inter alia*, the laws of arrest, detention, search, seizure, conversion, due process, privacy and free speech. Plaintiffs further allege that a violation of federally protected rights, such as is alleged herein, is fairly attributable to the municipal entity under the Bane Act, California Civil Code § 52.1. Plaintiffs presented a timely government tort claim regarding the subject of this lawsuit to defendant CITY OF INGLEWOOD on or about September 10, 2018. Defendant CITY OF INGLEWOOD states in written correspondence that it rejected plaintiffs' claim on November 14, 2018; it mailed its rejection of that claim on or about November 21, 2018.

4. Plaintiffs are ignorant of the true names and capacities of those defendants named as Does, but allege that each said Doe defendant was in some intentional or negligent manner responsible for their injuries. Plaintiffs will amend their complaint to allege the true names and capacities of said defendants

**COMPLAINT FOR DAMAGES**

-2-

when they become known, together with appropriate charging allegations.

5. Defendants INGLEWOOD POLICE OFFICERS DOE LIPRISH and DOE ALVAREZ, and DOES 3-10 are duly appointed, qualified, and acting law enforcement officers working in their capacity as employees of defendant INGLEWOOD POLICE DEPARTMENT and at all times material herein, each said defendant was acting in the course and scope of such employment and under color of law. Plaintiffs sue defendants OFFICER DOE LIPRISH and DOE ALVAREZ in their individual capacities. See generally, *Hafer v. Melo* 502 U.S. 21, 31 (1991); *Kentucky v. Graham* 473 U.S. 159 (1985).

6. Plaintiffs further allege that, at all times material herein, defendants named as DOES 1-10 are and were working in their capacity as employees of defendant CITY OF INGLEWOOD POLICE DEPARTMENT and at all times material herein, each said defendant was acting in the course and scope of such employment and/or under color of law. Regarding plaintiffs' federal claims, plaintiffs sue DOE defendants in their individual capacities.

7. Plaintiffs are informed and believe that the Hollywood Park Casino is owned by six corporate entities that are each named herein as defendants:

[1] STOCKBRIDGE CAPITAL PARTNERS, LLC [16% Owner], 4 Embarcadero Center Suite 3300, San Francisco, California 94111-4184, is an active and duly formed Delaware limited liability company, registered in the State of California;

[2] HOLLYWOOD PARK CASINO CO., INC. [16% Owner], Inglewood, California 90303 is an active and duly formed California corporation;

[3] HPCC HOLDINGS, LLC [16% Owner] Inglewood, California 90303, is an active and duly formed Delaware limited liability company, registered in the State of California;

[4] STOCKBRIDGE REAL ESTATE PARTNERS II, LLC [16% Owner],

**COMPLAINT FOR DAMAGES**

-3-

Inglewood, California 90303, is a duly formed Delaware limited liability company, registered in the State of California;

[5]   STOCKBRIDGE HP CASINO HOLDINGS COMPANY, LLC [16% Owner], Inglewood, California 90303, is a duly formed Delaware limited liability company, registered in the State of California;

[6]   STOCKBRIDGE HP HOLDINGS COMPANY, LLC [16% Owner], Inglewood, California 90303, is a duly formed Delaware limited liability company, registered in the State of California.

Plaintiffs reserve the right to name other owners as they become known as Doe defendants.

For reader convenience all six owners will be collectively referred to throughout this complaint as "defendant HOLLYWOOD PARK CASINO."

8.   Plaintiffs further allege that, at all times material herein, defendants named as DOES 10-20 either were owners of HOLLYWOOD PARK CASINO or are, and/or were working in their capacity as employees of defendant HOLLYWOOD PARK CASINO, and at all times material herein, each said defendant was acting in the course and scope of such employment. Regarding plaintiff's federal claims, plaintiffs sue DOE defendants in their individual capacities.

9.   Plaintiffs further allege that defendant HOLLYWOOD PARK CASINO, by and through the actions of its employees and/or agents, and the employees or agents, named as Does 11-20,  were acting in the course and scope of such employment and, through their joint action during the subject incident with defendant CITY OF INGLEWOOD police officers, acting under color of law.

10.   Plaintiff LLOYD JOSEPH COLLINS is at all relevant times an individual who resides and works in the County of Los Angeles, California.

11.   Plaintiff REPOSSESSION EMPIRE, INC. dba LEGION [hereinafter

**COMPLAINT FOR DAMAGES**

-4-

also referred to as "plaintiff REPOSSESSION" is incorporated in the State of California and in good standing.

## PERTINENT FACTS

12.    On March 11, 2018, plaintiff COLLINS, a licensed auto repossessor, working under LEGION, a business organization licensed to repossess vehicles, was carefully and lawfully driving his vehicle scanning license plates in a publically open parking structure that is part of the Hollywood Park Casino complex, located at 3883 W. Century Blvd, Inglewood, CA 90303, when security guards for Hollywood Park Casino, with hands on their guns, stopped and falsely imprisoned plaintiff COLLINS, with the intent to both harass him and eject him from the parking lot.

13.    Plaintiff COLLINS called 911 on his cell phone and gave the dispatcher a clear picture of his predicament and asked that police officers be dispatched to the scene and to come to his aid.

14.    Four officers of the INGLEWOOD POLICE DEPARTMENT responded, defendant DOE 1, defendant DOE 2, defendant DOE 3 and defendant DOE 4, but instead of coming to plaintiff COLLINS' aid, freeing him from the false imprisonment, instructing the security guards of plaintiff COLLINS' right to be on the premises, and permitting him to go about his lawful business, the officers, defendant DOE 1, a white male who indicated that he was handling the matter, and defendant DOE 2, a Hispanic male, with the help and acquiescence of defendant DOE 3 and defendant DOE 4, ordered plaintiff COLLINS from his vehicle, handcuffed him, conducted an unlawful search of the vehicle, continued and extended the false imprisonment. When plaintiff COLLINS refused to sign a document submitted to him by security guards promising never to return to the premises, security guards demanded that he be photographed. When he declined, defendant DOE 1 said that the security guards could photograph him. Defendant

**COMPLAINT FOR DAMAGES**

-5-

Doe 2, physically forced the handcuffed plaintiff COLLINS around so the guards could and did photograph him. Moreover, the officers, defendant DOE 1 photographed plaintiff COLLINS' driver's license and sent it by electronic means to the security officers so that the security officers could and did obtain possession of what otherwise was and would have been private information under the circumstances.

15.     Plaintiffs are informed and believe, but are not sure, that the last names of defendant DOE 1 is LIPRISH and of defendant DOE 2 is ALVAREZ.

16.     In doing the acts set forth in the preceding paragraph, the officers, defendant DOE 1, defendant DOE 2, defendant DOE 3, and defendant DOE 4, and by and through them, their employer, defendant CITY OF INGLEWOOD, coordinated with the security guards employed by the HOLLYWOOD PARK CASINO, and conspired to cause each of the causes of action mentioned and supported herein.

17.     The defendants' acts and omissions are particularly injurious to the rights and business of both plaintiffs because the photographs which the security guards took possession of are shared by casinos such as the HOLLYWOOD PARK CASINO, and used to coerce and harass auto repossessors such as plaintiffs, in situations where they would otherwise be doing lawful business in the parking lot of such facilities, or merely attending such facilities and engaging in lawful activity such as watching a Rams game. Casinos do this to shield and protect their respective customer bases, which include, customers driving a higher than average number of stolen cars and cars subject to repossession. Defendant CITY OF INGLEWOOD unlawfully cooperates by committing acts of favoritism towards the businesses which form the city's tax base.

18.     After the incident, plaintiff COLLINS drove to the police department of defendant CITY OF INGLEWOOD and complained to a lieutenant who was

**COMPLAINT FOR DAMAGES**

-6-

on duty, defendant DOE 5.

19. Defendant DOE 5 essentially conceded that the officers under his command mishandled the situation.

20. Defendant DOE 5 directed the second in command, defendant DOE 6, to call the security guards at HOLLYWOOD PARK CASINO ostensively to clarify and resolve the situation.

21. During that phone call between defendant DOE 6 and a representative in the security department for HOLLYWOOD PARK CASINO, the security guards introduced to defendant DOE 6 and plaintiff COLLINS a pretextual justification for stopping and falsely arresting plaintiff COLLINS, *viz.*, that security for HOLLYWOOD PARK CASINO saw plaintiff COLLINS speeding in the parking lot, that they have the event recorded, and they stopped him for that public safety reason. That statement is false because plaintiff COLLINS was not speeding. Indeed, there is specific reason for him to travel carefully through the parking lot because, if he sped, the electronic device he uses to scan license plates would not accurately read the subject plates. Rather than further investigate the pretext or order subordinates to investigate it, defendant DOE 6, acquiesced, accepted and merely communicated the pretext to plaintiff COLLINS.

22. Plaintiff COLLINS' complaint against defendant CITY OF INGLEWOOD's police department was not satisfactorily resolved. The security at HOLLYWOOD PARK CASINO did not agree to not use and destroy the private information defendant DOE 1 and defendant DOE 2 helped them obtain. Nor are plaintiffs confident that the defendant CITY OF INGLEWOOD will not continue to abuse the rights of plaintiffs or persons and entities similarly situated to plaintiffs, not least due to the supervisors of defendants DOES 1-4, defendant DOE 5 and defendant DOE 6's failure to adequately supervise the officers under their command.

23. The detention and eviction from the parking lot, and the cover-up and failure to rectify the offenses thereafter, including the unlawful transmission of plaintiff COLLINS' driver's license information and forced photograph, violates state and common law, the Fourth Amendment to the United States Constitution and Art. 1, §§ 1, 7 and 13. It also constitutes tortious interference with plaintiffs' business and business interests.

24. Plaintiffs allege and reiterate that, during the incident, all defendants coordinated with each other and conspired to cause each of the causes of action mentioned and supported herein.

25. The defendant HOLLYWOOD PARK CASINO and its security guards and agents acted "under color of law" by engaging in "joint action" with the defendant CITY OF INGLEWOOD police officers by the actions alleged above, including but not limited to extending the unlawful imprisonment and forcing plaintiff COLLINS to submit to a photograph against his will with the consent and cooperation of the police officers on the scene, in turn making them willful participants in joint action with the police officers. Further, the defendant HOLLYWOOD PARK CASINO security guards and agents conspired with the defendant CITY OF INGLEWOOD police officers in that they openly and tacitly went along with, and cooperated with each other in interfering with plaintiffs' rights and, thereafter, covering up their respective and joint misconduct.

26. Defendant CITY OF INGLEWOOD is a municipal entity for purposes of federal law. Plaintiffs are informed and believe that Defendant CITY OF INGLEWOOD caused the constitutional injury to plaintiffs alleged above through its failure to adequately train, supervise and discipline its own employees regarding the laws of arrest, detention, privacy, free speech and free expression. Plaintiffs further allege that the violation of federally protected rights, such as are alleged herein, are fairly attributable to the municipal entity under 42 U.S.C. §

1983, which, in turn, is actionable under the Bane Act, California Civil Code § 52.1. Plaintiffs allege that the threat of false arrest whereby plaintiff COLLINS was falsely imprisoned; handcuffed; had his vehicle searched without legal justification; submit to investigation; turn over his driver's license, have that driver's license, in turn, scanned and submitted to the security guards for sharing and future use; and submit to having a photograph taken by security for scanning, sharing and future use, all constitute a meaningful threat within the meaning of the Bane Act.

27. Each of the violations of both federal and state law alleged herein are additionally actionable under the Bane Act, California Civil Code § 52.1, which plaintiffs hereby assert.

## FIRST CAUSE OF ACTION

### [unlawful seizure under color of law; false arrest, excessive force]

### 42 U.S.C. § 1983

### by both plaintiffs against all defendants

28. Plaintiffs replead paragraphs 1 through 27 of this complaint and incorporate said paragraphs by reference.

29. The acts and omissions of defendants CITY OF INGLEWOOD, INGLEWOOD POLICE OFFICERS, violated plaintiffs COLLINS and REPOSSESSION's rights under the First, Fourth, Fifth and Fourteenth Amendments and were all done without lawful justification. Further, all defendants relied upon each other, before, during and after the incident, to look the other way when one or more was committing acts or omissions that violated plaintiffs' rights, in violation of those defendants' duties to uphold the Constitution and law. Defendants DOE LIPRISH and DOE ALVAREZ, and DOES 1 through 10, are being sued in their individual capacity under federal law. Defendant HOLLYWOOD PARK CASINO and its employees and agents

**COMPLAINT FOR DAMAGES**

-9-

currently named as Doe defendants, are being sued under this cause of action under a theory of joint action as set forth in paragraphs 24 and 25 above.

30.    Plaintiffs are entitled to tort damages to be proven at trial, including damages for pain, discomfort, fear, anxiety and other mental and emotional distress and aggravation caused by defendants' actions.

31.    Plaintiffs are entitled to attorneys' fees as provided in 42 U.S.C. § 1988.

32.    The acts of each individual defendant was done with conscious disregard of plaintiffs' federally protected rights and, therefore, merit the award of exemplary damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## [supervisory liability]

## 42 U.S.C. § 1983

## by both plaintiffs against defendants DOES 5 through 10

33.    Plaintiffs replead paragraphs 1 through 32 of this complaint and incorporate said paragraphs by reference.

34.    Defendants DOES 5 through 9 were in a position to, but failed to adequately hire, supervise, train, retrain, discipline, monitor and/or restrain individual defendants , and, thereby, set in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury complained of above. See, *Johnson v. Duffy* 588 F.2d 740, 743-44 (9th Cir. 1978).

35.    Plaintiffs incorporate the damages set forth in ¶¶ 30-32 above.

## THIRD CAUSE OF ACTION

## [municipal liability]

## 42 U.S.C. § 1983

## by both plaintiffs against defendant CITY OF INGLEWOOD

36.    Plaintiffs replead paragraphs 1 through 35 of this complaint and

incorporate said paragraphs by reference.

37.     Defendant CITY OF INGLEWOOD's customs, policies and practices resulted in the constitutional deprivations complained of above.

38.     Defendant CITY OF INGLEWOOD was and is deliberately indifferent to the rights of persons its officers were likely to come in contact with, such as plaintiffs, through its failure to adequately hire, train, supervise, discipline and, if necessary, terminate employees so as to avoid deprivations of constitutional rights similar to the deprivations alleged above.

39.     Both plaintiffs brought the deficiencies in the departments' policies and defendant officers' actions to defendant CITY OF INGLEWOOD's attention by presenting a California government tort claim and cooperating in defendant CITY OF INGLEWOOD's investigation of the incident. Plaintiffs are informed and believe that, rather than correct the policy failure and intentional and/or negligent mistakes during the incident, defendant CITY OF INGLEWOOD exonerated the involved officers and supervisors, and utterly failed to take remedial steps designed to prevent the reoccurrence of similar violations of persons' federally and state protected rights, thereby, ratifying the CITY OF INGLEWOOD's deficient policies of training and supervision regarding incidents such as give rise to plaintiffs' complaint.

40.     Plaintiffs incorporate the damages set forth in ¶¶ 30-31 above.

## FOURTH CAUSE OF ACTION

### [violation of the Bane Act]

### Cal. Civ. Code. § 52.1

### by both plaintiffs against all defendants

41.     Plaintiffs replead paragraphs 1 through 40 of this complaint and incorporate said paragraphs by reference.

42.     In committing the acts and omissions alleged herein, including falsely

arresting plaintiff COLLINS and the forced photograph, all defendants violated California Civil Code § 52.1 which forbids interference "by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state . . ."  Plaintiffs allege that the conduct of defendants, as described above, constitutes such interference with plaintiffs' exercise of their rights. *See, e.g., Reese v. County of Sacramento* 888 F.3d 1030 (9th Cir. 2018); *Cornell v. City and County of San Francisco* (2017) Cal.App.5th 766.

43.     Plaintiffs are entitled to tort damages to be proven at trial, including damages for pain, discomfort, fear, anxiety and other mental and emotional distress and aggravation occasioned by defendants' actions.

44.     Because the acts taken toward plaintiffs by defendants INGLEWOOD POLICE OFFICERS DOE LIPRISH and DOE ALVAREZ, in their individual capacities; HOLLYWOOD PARK CASINO; and DOES 1 through 20, were carried out in an oppressive, fraudulent, malicious, vexatious, deliberate, cold, callous and intentional manner and in conscious disregard of plaintiffs' protected rights, in order to injure and damage plaintiffs, plaintiffs request the assessment of exemplary damages against each individual defendant in an amount to be proved at trial against each of these individual defendants.

45.     Plaintiffs have and likely will incur attorneys' fees and are entitled to such fees under California Civil Code § 52.1.

## FIFTH CAUSE OF ACTION

### [false arrest]

### by plaintiff LLOYD JOSEPH COLLINS against all defendants

46.     Plaintiff COLLINS repleads paragraphs 1 through 45 of this complaint and incorporates said paragraphs by reference.

47.   By the actions recounted above, all defendants falsely arrested plaintiff LLOYD JOSEPH COLLINS.

48.   As a proximate result of the aforementioned tortious acts and omissions, plaintiff COLLINS suffered damages as alleged herein.  Plaintiff COLLINS repeats and incorporates the damages set forth in ¶¶ 43 and 44, above.

## SIXTH CAUSE OF ACTION

### [negligence]

### California Civil Code § 1714

### by both plaintiffs against all defendants

49.   Plaintiffs replead paragraphs 1 through 48 of this complaint and incorporate said paragraphs by reference.

50.   All defendants breached duties they owed to exercise restraint in interfering with the business interests, property rights, and privacy rights of plaintiffs, and the right to be free from unlawful detention or arrest.

51.   As a proximate result of the aforementioned tortious acts and omissions, plaintiffs suffered damages as alleged herein. Plaintiffs repeat and incorporate the damages set forth in ¶¶ 43 and 44 above.

## DAMAGES

WHEREFORE, plaintiffs pray for judgment against defendants as follows:

AS TO EACH CAUSE OF ACTION, AS APPLICABLE:

FIRST CAUSE OF ACTION:

1.   For general and special damages according to proof;

2.   For exemplary damages against each defendant except defendant CITY OF INGLEWOOD according to proof;

3.   For attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

SECOND CAUSE OF ACTION:

1.   For general and special damages according to proof;

**COMPLAINT FOR DAMAGES**

-13-

2.    For exemplary damages according to proof;

3.    For attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

THIRD CAUSE OF ACTION:

1.    For general and special damages according to proof;

2.    For attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

FOURTH CAUSE OF ACTION:

1.    For general and special damages according to proof;

2.    For exemplary damages against the individual defendants according to proof;

3.    For attorneys' fees and costs pursuant to California Civil Code § 52.1.

FIFTH CAUSE OF ACTION:

1.    For general and special damages according to proof;

2.    For exemplary damages against the individual defendants according to proof.

SIXTH CAUSE OF ACTION:

1.    For general and special damages according to proof;

2.    For exemplary damages against the individual defendants according to proof.

## REQUEST FOR JURY TRIAL

Plaintiffs LLOYD JOSEPH COLLINS, REPOSSESSION EMPIRE, INC., dba LEGION hereby request a trial by jury.

DATED: May 13, 2019

LAW OFFICES OF
BASTIAN & DINI

/s/ Robert L. Bastian, Jr.
ROBERT L. BASTIAN JR., ESQ.
Attorneys for Plaintiffs
LLOYD JOSEPH COLLINS and
REPOSSESSION EMPIRE, INC.,
dba LEGION

**COMPLAINT FOR DAMAGES**
-14-